(Decided April 18th, 1860.)

---

# Hugh Gelston *vs.* Wm. Rullman, Geo. D. Volkmar and Geo. Rhinehardt.

An answer under oath, though the bill does not call for an answer on oath, *is evidence* for the respondent at the hearing of a motion to dissolve an injunction; the Acts of 1852, ch. 133, and 1853, ch. 344, do not apply to motions to dissolve injunctions.

The testimony of *one* witness is not of itself sufficient to countervail the effect of a sworn answer; there must be two witnesses, or one with corroborating circumstances.

A landlord has no equitable lien for rent upon property taken under a distress and *replevied* by the tenant.

APPEAL from the Circuit Court for Baltimore city.

The bill in this case filed on the 26th of May 1856, by the appellant against the appellees, alleges that the complainant, on the 24th of September 1853, rented certain parts of "Washington Hall," in the city of Baltimore, to Rullman, and on the 1st of April 1855, there being due him $1300 for rent, he issued a distress, and the effects distrained were replevied by Rullman, on the 12th of April 1855, who gave Volkmar and Rhinehardt, as sureties on the replevin bond; that on the said 12th of April 1855, Rullman executed to Volkmar and Rhinehardt the bill of sale filed with the bill of complainant and prayed to be taken as part thereof. The bill then charges that this bill of sale, though absolute on its face was intended merely as an indemnification to said sureties, Volkmar and Rhinehart, to save them harmless from their said suretyship, and was further intended between said parties to indemnify them and each of them from any other suretyship they might enter into on account of the said renting, and further that it was intended to operate as a deed of trust, the trust being that if said effects, so conveyed, should be sold, that the proceeds should be held by the said Volkmar and Rhinehardt to abide the result of any replevin suits between your orator and said Rullman, and to apply such proceeds to extinguish any judgments obtained by your orator, as well as to satisfy the rent accruing after the date of such bill of sale.

The bill further states and charges that since the execution of said bill of sale, there accrued to the complainant for rent of said premises, due between the 1st of April 1855, and the 1st of March 1856, the sum of $1433.26, which is unpaid; that three different distresses were issued to collect the same, and that such process was suspended and hindered

by as many replevins issued by Rullman, on all of which Volkmar became the surety; that on the 14th of May 1856, a sale of the effects so conveyed by the bill of sale was advertised to be made at auction, and at that sale the complainant became purchaser of certain movable property and fixtures, put by the tenant in said property, to the amount of $1201.61, which sum he has not paid, because he has various set-offs against the same, which the defendants have refused to allow, and that their mutual claims can only be settled by a court of equity.

The bill then further charges that the defendants have advertised to sell his effects, so purchased by the complainant, the sale to take place on the 26th of May 1856, and after charging other matters, which need not be stated, prays for an injunction to prevent such sale, and that Rullman may be required to give security as provided for in his contract of renting, or the lease be declared void, and that the trust intended to be created by said bill of sale may be carried into effect through the interposition of a court of equity, and for general relief.

The bill was sworn to, but does not call for *answers on oath.* The bill of sale, a duly certified copy of which was filed as exhibit with the bill, is dated the 12th of April 1855, and purports to be executed "for and in consideration of the sum of $2000, lawful money of the United States, to" the grantor, "in hand paid by George D. Volkmar and George Rhinehardt, at or before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged."

The defendants filed a joint and several answer, *sworn to* by each of them, in which Rullman says the bill of sale was not made in trust as alleged in the bill, and that there were other and valid considerations for the conveyance than the suretyship mentioned; that the bill of sale is true and *bona fide,* as on its face is expressed, and the complainant has only imagined it was executed for the purposes and with the meaning and intent alleged by him in his bill. Volkmar and Rhinehardt positively say and declare that the bill of sale was not made for the purposes charged in the bill, but was

made on the consideration and for the purposes set forth on its face, and that these respondents, Volkmar and Rhinehardt, made the payment to the said Rullman, of the said consideration therein named, and no indemnity was thought of, at the time of, or since, the execution of the said bill of sale, against loss because of the suretyship aforesaid, and such was not the consideration for making the said bill of sale.

On filing their answers, a motion to dissolve the injunction was made by the defendants, and testimony (which need not be stated) was taken on both sides  The court (KREBS, J.) at the hearing of this motion, ordered the injunction to be dissolved, and accompanied his order with the following opinion:

"Relief is prayed by the complainant in his bill, upon the ground that the bill of sale referred to in the proceedings, though absolute on its face, and given for a moneyed consideration, was, nevertheless, intended as a mortgage to indemnify the grantees against loss as sureties in replevin bonds, given by the defendant, Rullman, in suits brought by him to recover property distrained by the complainant for rent due to him by the said Rullman; and should, therefore, be regarded as in trust for him and enure to his benefit.

"This relief cannot be made available to the complainant, because, assuming that the bill of sale was intended as such indemnity, yet the complainant cannot by such parol proof contradict and vary the consideration of the bill of sale, and show that the consideration was different from that set out upon its face, and that it was designed to be a mortgage for such a purpose that it should enure to his benefit. The bill of sale is not impeached for fraud, nor is it alleged that, by accident or mistake, it is different from what the parties to it design. So far from this, the complainant sets it up as valid, and seeks to derive benefit from it by showing that the consideration for it was not money, as its terms state, but was a trust of a certain character in which he is interested. The whole course of decisions, in this State, is against his right to do this by parol evidence, and no other is offered. The grantees in the bill of sale distinctly deny that it was intended as an indemnity, as alleged by the complainant, and insist

that it was made for the consideration, in money, expressed upon its face. The grantor, Rullman, does so likewise. The opinion of the Court of Appeals in *McElderry vs. Shipley*, 2 *Md. Rep.*, 35, has conclusively settled the rule as to the inadmissibility of parol proof for the purposes contemplated by the complainant in this case.

"Nor can this court grant him relief upon the ground assumed by him, that he has an equitable lien for his rent upon the movable effects referred to in the bill, because they were the same property upon which his several distresses were levied though in the hands of the grantees in the bill of sale. There is no equitable lien for rent, upon property taken under a distress to satisfy it and replevied. If replevied by the tenant, the landlord cannot assert any such lien against them in the hands of the tenant, or of his assignee in bankruptcy. *Morris on Replevin*, 170. *Bradyll vs. Ball*, 1 *Brown's Ch. Rep.*, 428. This was a case in which the lien was claimed against the assignees in bankruptcy of the tenant, and it was decided that, even under such circumstances, the landlord had no lien. There is a large amount of testimony, in the record, relating to matters altogether irrelevant, in the opinion of the court, to the points upon which this motion is to be decided, and with the exception of the grounds of relief, above considered, and which were those chiefly relied on, at the hearing, in behalf of the complainant and against the motion to dissolve the injunction, I find in the proceedings no points entitled to consideration against the motion. I must, therefore, dissolve the injunction, but will require the costs to be paid by the respective parties, in such equitable manner as I shall hereafter by order designate."

From the order of dissolution the complainant appealed.

The cause was argued before Le Grand, C. J., Eccleston and Bartol, J.

*Chas. F. Mayer*, for the appellant, argued:

1st. The allegation is sustained, that the bill of sale was

Gelston *vs.* Rullman, *et al.*

but a security, in the hands of Volkmar and Rhinehardt, for the rent demands, in regard to which they were replevin sureties. The testimony of Durham, and the circumstances of the case, one of which is the identity in date of the bill of sale and the first replevin, prove that such was the purpose of the bill of sale, however the answer may be construed to deny it. We are at liberty to prove such a purpose, and give such effect to the bill of sale, notwithstanding the absolute terms of the conveyance. 1 *Md. Ch. Dec.*, 178, *Clark vs. Levering*. 3 *Md. Ch. Dec.*, 167, *Anderson vs. Tydings.* 4 *Gill*, 355, *Mayhew vs. Graham.* 1 *Gill*, 412, *Cole vs. Albers & Runge*. 2 *Gill*, 393, *Henderson vs. Mayhew.* 6 *Md. Rep.*, 52, *Alderson vs. Ames & Day.* 12 *How.*, 139, *Russell vs. Southard.* 2 *Gill*, 106, *Jones vs. Belt.* 9 *Ves.*, 283, *East India Company vs. Donald. Greeley's Eq. Ev.*, 5. Besides this, the bill does not call for answers under oath, and, since the Acts of 1852, ch. 133, and 1853, ch. 344, the answers cannot be used as evidence, but, even if they could, and the old rule still applies, there is in this case the one witness, with pregnant circumstances, sufficient to overcome the denials of the answers.

2nd. But, even if that be not established as the purpose of the bill of sale, it must necessarily be limited so to operate; for Volkmar and Rhinehardt are, upon the judgments recovered in the replevin suits, under an established obligation to return to Gelston the property replevied, embraced in the bill of sale; and, in part, purchased by Gelston. Therefore they can claim from him no payment for it, and the purchased property he may retain, to be applied for paying his rent claim. 1 *Petersdorf's Abr.*, 198, 199, *Title Action—Circuity of Action.* 1 *Md. Rep.*, 235, 236, *Georges Creek Coal & Iron Co. vs. Detmold.*

*Wm. Pinkney Whyte,* for the appellees:

The bill of sale contains the consideration of $2000, absolutely, and a copy of it is filed by the complainants. The answers of Rullman, Volkmar, and Rhinehardt, all deny that there was any other consideration for the bill of sale than

34          v.15

that expressed upon its face. There is a vast amount of tes-timony in the record not necessary to be examined in relation to the point at issue. No fraud is alleged in the making of the bill of sale; nor is there any mistake or accident charged in the recital of the true consideration. The relief prayed for by the complainant is, that the bill of sale was intended as a mortgage, to indemnify the sureties in the replevin suits, and should therefore be treated as for the benefit of the complainant.

1st. Under such an allegation, it is not possible for the complainant, by parol proof, to vary the consideration set forth in the bill of sale. The law of Maryland is too well settled to be now disturbed, that in a case like the present no parol evidence can be resorted to. for the purpose of contra-dicting, adding to, or varying the terms of a written instru-ment. 2 *Md. Rep.*, 35, *McElderry vs. Shipley*.

2nd. The ground that Rhinehardt and Volkmar are bound to return the property, replevied by them, by reason of an equitable lien, is equally untenable. There is no equitable lien for rent upon property taken under a distress to satisfy it and replevied. *Morris on Replevin*, 170. 1 *Brown's Ch. Rep.*, 428, *Bradyll vs. Ball*.

Bartol, J., delivered the opinion of this court.

After a careful examination of the record in this case, and a mature consideration of the several points presented in the argument of the appellant's counsel, we have discovered no ground for disturbing the order passed by the Circuit court, from which the appeal was taken.

The bill of sale, from Rullman to Volkmar and Rhine-hardt, is on its face an absolute conveyance, "*for the consid-eration of two thousand dollars lawful money paid*" by the grantees to the grantor; in the bill of complaint, it is alleged, that it was in fact designed as a mortgage or security to in-demnify the grantees from loss as sureties upon the replevin bonds of Rullman; and the bill of complaint further alleges that it was "*intended to operate as a deed of trust*; the trust being, that if said effects so conveyed should be sold, that

the proceeds should be held by said Volkmar and Rhinehardt, to abide the result of any replevin suits between your orator and said Rullman, and to apply such proceeds to ex- tinguish any judgments obtained by your orator, as well as to satisfy the rent accruing after the date of said bill of sale." We think these allegations are not sustained by the proof in the record; even if we were permitted to consider the parol proof offered in their support, in the absence of any charge of fraud or mistake in the making of the bill of sale. They are denied in the answer of Volkmar and Rhinehardt, the grantees, which distinctly avers that the bill of sale was made "on the consideration set forth on its face," that the respondents "made the payment to the said Rullman of the said consideration therein named, and no indemnity was thought of, at the time of, or since the execution of the said bill of sale, against loss because of the suretyship aforesaid, and such was not the consideration for making the bill of sale."

This answer being verified by oath, is evidence for the respondents. The objection that the bill does not call for the answers to be made under oath, does not avail on this appeal. We have decided at the present term that the Acts of 1852 ch. 133 and 1853 ch. 344, do not apply to motions to dissolve an injunction. *Bouldin vs. Mayor & C. C. of Baltimore, Ante* 18. To contradict the answer and to support the allegations of the bill, the complainant produced one witness, who proved that the respondents admitted in his presence, that the bill of sale was executed as indemnity to the grantees as sureties of Rullman on these replevin bonds. Upon well established principles of equity, this testimony alone is not sufficient to countervail the effect of the sworn answer in the cause. It appears, by the record, that one of the replevin bonds was executed on the 12th day of April 1855, and the bill of sale bears date on the same day. This fact has been relied upon by the appellant as a corroborating circumstance, sufficient, when combined with the testimony of the witness, to counterbalance the proof furnished by the answer. We do not think it is entitled to the weight claimed for it, and are of opinion, upon the whole proof in the case, that the al-

legations of the bill, with reference to the consideration of the bill of sale, have not been supported.

We concur in the opinion expressed by the judge of the Circuit court, that the complainant is not entitled to any equitable lien upon the property taken under distress for rent and replevied. *Morris on Replevin,* 170. *Bradyll vs. Ball.* 1 *Bro. Ch. Cases,* 428. And we think the injunction was properly dissolved.

> *Order affirmed, with costs, and cause remanded.*

(Decided April 18th, 1860.)